**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| KEVIN BROWN<br>         Plaintiff<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR<br><br>         Defendant | Civil Action No. _____<br><br>**COMPLAINT FOR**<br>**DECLARATORY RELIEF** |

## **INTRODUCTION**

1.   Plaintiff Kevin Brown brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, to compel Defendant U.S. Department of the Interior (DOI) to immediately release 1) all records concerning his involvement and removal from a brush mastication project that occurred at the Flight 93 National Memorial in February 2024; 2) all records regarding investigations within the Western Pennsylvania National Parks and/or any external agency investigations relating to his removal from the project; and 3) all records concerning grievances filed due to his removal from the project.

2.   On July 15, 2024, Plaintiff submitted a FOIA request to the Defendant. The request sought all records pertaining to his involvement and removal from the Flight 93 National Memorial brush mastication project. *See* Ex. A. Despite its statutory obligation, Defendant failed to notify Plaintiff of its determination whether to comply with Plaintiff's request within 20 business days after the receipt of his request. Accordingly, Plaintiff is entitled to a judgment declaring that Defendant has violated FOIA and ordering Defendant to conduct

an expeditious, reasonable and adequate search for records responsive to the FOIA Request and to provide such records to Plaintiff.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 5 U.S.C. § 552 *et seq.* and 28 U.S.C. § 1331. This Court has jurisdiction to grant declaratory, injunctive, and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201–2202.

4. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides in this District.

5. Defendant acknowledged receipt of the FOIA request by sending an acknowledgment letter on July 15, 2024. *See* Ex. B. Plaintiff exhausted his administrative remedies by filing an administrative appeal on January 10, 2025, to which Defendant responded by admitting that it had not notified Plaintiff whether it will comply with his request, and that it had not completed its processing of and response to Plaintiff's FOIA request.

## PARTIES

6. Plaintiff Kevin Brown resides in Salisbury, MD. Plaintiff is a Maintenance Worker for the National Park Service (NPS), a component agency of DOI. He filed his FOIA request with the DOI on July 15, 2024.

7. Defendant DOI is a federal department and Plaintiff's employer. DOI is an "agency" within the meaning of 5 U.S.C. § 552(f) and has control over the records Plaintiff seeks.

## **FACTUAL ALLEGATIONS**

### **Plaintiff's FOIA Request to Defendant DOI**

8. On July 15, 2024, Plaintiff submitted a FOIA Request to Defendant DOI through FOIAXPress PAL, DOI's online web portal. *See* Ex. A. The NPS FOIA Web Site directs requestors to the DOI FOIAXPress PAL.

9. On July 15, 2024, Defendant acknowledged receipt of the FOIA Request via the email address noreply@ains.com. *See* Ex. B. Plaintiff received a FOIA request number of DOI-NPS-2024-001284.

10. On July 19, 2024, Defendant, through Jessica McHugh, a Government Information Specialist assigned to NPS Interior Region 1, emailed Plaintiff from IR1_FOIA@nps.gov, further acknowledging receipt of his FOIA request and requesting that Plaintiff complete and return a form DI-4016, Request for Individual Records. *See* Ex. C. Attached to the July 19, 2024, correspondence was a letter signed by Ms. McHugh, stating that Plaintiff was an "other-use" requester and may be charged for some of the searches conducted, and requested that he review and agree to the proposed search terms. *See id.*

11. On July 21, 2024, Plaintiff responded to IR1_FOIA@nps.gov with a suggestion to include additional search terms and attached a completed DI-4016. *See* Ex. C and D.

12. On September 1, 2024, Plaintiff emailed Defendant at IR1_FOIA@nps.gov requesting a status update on his FOIA request. *See* Ex. E.

13. On October 25, 2024, Plaintiff emailed Defendant at IR1_FOIA@nps.gov requesting a status update on his FOIA request. *See* Ex. F.

14. On November 4, 2024, Plaintiff left a voicemail with Ms. McHugh inquiring about an approximate time frame for completion of his FOIA request.

15. On November 7, 2024, Plaintiff emailed Defendant at IR1_FOIA@nps.gov to explain a few typographical errors in his FOIA request. *See* Ex. G.

16. On November 14, 2024, Plaintiff emailed Nicholas Banco, the NPS FOIA officer, requesting an update on his FOIA request. *See* Ex. H.

17. On November 15, 2024, Ms. McHugh responded to Plaintiff from IR1_FOIA@nps.gov stating: "We have received your below update. You are currently number 61 in our processing que[sp] We are continuing to process your request. Please be assured we are working diligently to get your request completed as soon as possible." *See id.*

18. On January 10, 2025, Plaintiff filed a FOIA appeal via email to FOIA.Appeals@sol.doi.gov. *See* Ex. I.

19. On January 31, 2025, Defendant responded to Plaintiff's appeal with a letter signed by Darrell Strayhorn, FOIA & Privacy Act Appeals Officer, DOI. The letter, in part, stated, "While it is regrettable that the NPS has not yet advised you whether it will comply with the FOIA request, please be assured that its personnel are processing all of the FOIA requests pending in its office, including yours, as quickly as they can. To be sure, **by copy of this letter, the NPS is directed to issue a response to the FOIA request as soon as possible**." *See* Ex. J (emphasis in original). Additionally, the letter noted that, "You may nonetheless treat the lack of a response by the NPS as a denial of the FOIA

request and appeal and seek judicial review under 5 U.S.C. § 552(a)(4)(B). However, the Department hopes that you will delay filing a lawsuit so that NPS can complete its processing of the FOIA request." *See id.*

20. As of April 9, 2025, Plaintiff's initial FOIA request is still "Assigned for Processing" by the DOI. *See* Ex. K.

## CLAIMS FOR RELIEF

## COUNT ONE

### Violation of FOIA, 5 U.S.C. § 552(a)(6)(A)(i)
### Failure to Notify Requestor of FOIA Determination

21. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

22. Defendant is obligated under 5 U.S.C. § 552(a)(6)(A)(i) to determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and to immediately notify the person making such request.

23. Upon information and belief, Defendant has not notified Plaintiff of whether it will comply with his FOIA request. In fact, Defendant admitted in its January 31, 2025, letter that it had "not yet advised" Plaintiff whether it will comply with the FOIA request.

24. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to notify Plaintiff whether it will comply.

25. Defendant's failure to notify Plaintiff whether it will comply with the FOIA request violates, at a minimum, 5 U.S.C. § 552(a)(6)(A)(i), as well as the regulations promulgated thereunder.

## COUNT TWO

### Violation of FOIA, 5 U.S.C. § 552(a)(3)
### Failure to Conduct an Adequate Search and to
### Disclose Responsive Records

26. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

27. Defendant is obligated under 5 U.S.C. § 552(a)(3)(A) to conduct a reasonable search for records responsive to the FOIA Request and to promptly produce those records.

28. Upon information and belief, Defendant has not conducted and/or completed an adequate search for responsive records to Plaintiff's FOIA request.

29. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to search for them.

30. Defendant's failure to conduct a reasonable search for records responsive to the FOIA Request violates, at a minimum, 5 U.S.C. § 552(a)(3)(C), as well as the regulations promulgated thereunder.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

    a. Assume jurisdiction over this action;

    b. Declare unlawful Defendant's failure to notify Plaintiff whether it will comply with his request and its failure to conduct an adequate search for the requested records by Plaintiff;

    c. Order Defendant to make a full, adequate, and expeditious search for the requested records;

d.  Order Defendant to expeditiously process and disclose all responsive, nonexempt records or portions of records and to produce indexes justifying the withholding of any responsive records withheld under a claim of exemption;

e.  Enjoin Defendant from improperly withholding requested records;

f.  Award Plaintiff reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E), the Equal Access to Justice Act, and any other applicable provision of law; and

g.  Grant such other relief as the Court may deem just, equitable and appropriate.

          Respectfully submitted,

          KARPINSKI, CORNBROOKS & KARP, P.A.

          BY:      /s/ Kevin Karpinski
                KEVIN KARPINSKI, #11849
                AIS # #9312150114
                Suite 1850
                120 East Baltimore Street
                Baltimore, Maryland 21202-1617
                410-727-5000
                Kevin@bkcklaw.com
                *Counsel for Kevin Brown*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEVIN BROWN<br><br>    Plaintiff<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR<br><br>    Defendant | Civil Action No. _____ |

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of April 2025, the Complaint was sent via certified mail to:

U.S. Department of Interior
Office of the Solicitor
1849 C Street Northwest, MS-6429 MIB
Washington, DC 20240

Darrell R. Strayhorn
FOIA & Privacy Act Appeals Officer
1849 C Street NW, MS-6556, MIB
Washington, DC 20240

Nicholas Banco
1849 C Street NW, Room 2229
Washington, DC 20240

         KARPINSKI, CORNBROOKS & KARP, P.A.

         BY:  /s/ Kevin Karpinski
            KEVIN KARPINSKI, #11849
            AIS # 9312150114
            120 East Baltimore Street
            Suite 1850
            Baltimore, Maryland 21202-1617
            410-727-5000
            Kevin@bkcklaw.com
            *Counsel for Kevin Brown*